JEFF S. WESTERMAN (SBN 94559)
jwesterman@milberg.com
SABRINA S. KIM (SBN 186242)
skim@milberg.com
MICHIYO MICHELLE FURUKAWA (SBN 234121)
mfurukawa@milberg.com
**MILBERG LLP**
One California Plaza
300 S. Grand Avenue, Suite 3900
Los Angeles, CA 90071
Telephone: (213) 617-1200
Facsimile: (213) 617-1975

MICHAEL C. SPENCER (SBN 79349)
mspencer@milberg.com
WILLIAM B. SCOVILLE, JR.
wscoville@milberg.com
**MILBERG LLP**
One Pennsylvania Plaza, 49th Floor
New York, NY 10119-0165
Telephone: (212) 594-5300
Facsimile: (212) 868-1229

*Lead Counsel for Plaintiffs*

[Additional Counsel appear on Signature Page]

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| KAREN HERBERT, JUDY SCHENKER, JODI EBERHART, CHERYL BENTLEY, and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>ENDEMOL USA, INC., NBC UNIVERSAL, INC., VERISIGN, INC., M-QUBE, INC. and DON JAGODA ASSOCIATES, INC.,<br><br>Defendants. | Case No. 2:07-cv-03537-JHN-VBKx<br><br>[Related to Case Nos.: 07-3643; 07-3647; 07-3916; 07-08044; 07-8122; and 07-8196]<br><br>JOINT STIPULATION FOR PROTECTIVE ORDER RE CONFIDENTIALITY AND ORDER<br><br>JUDGE: Hon. Jacqueline H. Nguyen<br><br>MAGISTRATE JUDGE:<br>  Hon. Victor B. Kenton<br>CTRM: 590<br><br>Complaint Filed: May 31, 2007 |

**THIS DOCUMENT PERTAINS TO ALL CASES**

---

JOINT STIPULATION FOR PROTECTIVE ORDER RE CONFIDENTIALITY
AND [PROPOSED] ORDER

DOCS\553244v1

IT IS HEREBY STIPULATED by the undersigned Parties, through their respective counsel and subject to the approval of the Court, that a Protective Order issue in this Action regarding certain documents and information produced during discovery.

## **DEFINITIONS**

1. As used in this Protective Order,

   (a) "Action" means the case entitled *Karen Herbert, el al v. Endemol USA, Inc., et al*, Case No. 07-3537, along with related Case Nos. 07-3643; 07-3647; 07-3916; 07-08044; 07-8122; and 07-8196, pending in United States District Court for the Central District of California.

   (b) "Confidential Material" means Material designated as CONFIDENTIAL in accordance with the terms of this Protective Order.

   (c) "Designating Party" means any Party or Person who designates Material as Confidential Material.

   (d) "Discovering Counsel" means counsel for a Discovering Party.

   (e) "Discovering Party" means the Party to whom Material is being Provided by a Producing Party.

   (f) "Material" means any document, testimony or information in any form or medium whatsoever, including, without limitation, any written or printed matter provided in this action by any Party or Person before or after the date of this Protective Order.

   (g) "Party" means the Parties to any case comprising the Action, their attorneys of record and their agents.

   (h) "Person" means any individual, corporation, partnership, unincorporated association, governmental agency, or other business or governmental entity whether a Party or not.

(i) "Producing Party" means any Party or Person who Provides Material during the course of the Action.

(j) "Provide" means to produce Material, whether pursuant to request or process, and whether in accordance with the Federal Rules of Civil Procedure or otherwise.

## **CONFIDENTIAL DESIGNATION**

2. A Producing Party may designate as "CONFIDENTIAL" any non-public Material which the Producing Party handles in a confidential manner, and reasonably believes is entitled to protection pursuant to applicable law. A Producing Party may designate Confidential Material for protection under this order by either of the following methods:

(a) By physically marking it with the following inscription prior to Providing it to a Party: "CONFIDENTIAL"

(b) By identifying with specificity in writing to the Discovering Party, within 10 calendar days of its initial production, any previously Provided Material which was not designated as CONFIDENTIAL prior to its having been Provided. For purposes of this method of designation, it will be a sufficiently specific identification to refer to the document production (aka "Bates") numbers or deposition page numbers of previously Provided Material. Where a Producing Party designates previously Provided Material as Confidential Material pursuant to subparagraph 2(b), the Producing Party will follow the procedures set forth in subparagraph 2(a) for designating Confidential Material, and Provide to the Discovering Party additional copies of the previously Provided Material marked with the inscription described in subparagraph 2(a). Upon receipt of the additional copies which comply with the procedures set forth in the previous subparagraph, the Discovering Party will immediately return to the Producing Party the previously Provided Material, or alternatively, will destroy all the previously

Provided Material, at the option and cost of the Producing Party. For previously Provided Material which was not designated as Confidential Material at the time of its being Provided, this Protective Order shall apply to such materials beginning on the date that the Producing Party makes such designation, to the extent possible. Failure to designate or identify Material as Confidential Material using the aforementioned procedures shall not operate to waive a Producing Party's right to later so designate or identify such material.

(c) The Parties may agree in writing to modify the foregoing designation procedures where compliance with them proves impracticable or very burdensome. However, no modification by the Parties shall have the force or effect of a Court order unless the Court approves the modification.

**RESTRICTION ON USE OF CONFIDENTIAL MATERIAL**

3. Confidential Material shall not be disclosed, nor shall its contents be disclosed, to any Person other than those described in ¶ 6 of this Protective Order and other than in accordance with the terms, conditions and restrictions of this Protective Order.

4. Confidential Material Provided by a Producing Party to a Discovering Party shall not be used by the Discovering Party or anyone other than the Producing Party, specifically including the persons identified in ¶ 6, as appropriate, for any purpose, including, without limitation, any personal, business, governmental, commercial, or litigation (administrative or judicial) purpose, other than the prosecution or defense of this Action. If the Producing Party stops treating the Material as confidential, then it will no longer be deemed confidential or subject to this Order. The Producing Party shall notify the Discovering Party when the Producing Party no longer treats the material as confidential.

1. 5. All Confidential Material shall be kept secure by Discovering Counsel and access to Confidential Material shall be limited to persons authorized pursuant to ¶ 6 of this Protective Order.

6. For purposes of the preparation of this Action, and subject to the terms, conditions, and restrictions of this Protective Order, Discovering Counsel may disclose Confidential Material and the contents of Confidential Material only to the following persons:

(a) Any Party to the Action;

(b) The Party's insurers, counsel to their insurers, counsel listed on the pleadings and/or working on the Action on behalf of any Party, and counsel's employees, including counsel's paralegals, assistants, secretaries, and clerical staff;

(c) Counsel who are any Party's "in-house counsel" and such in-house counsel's employees, including counsel's paralegals, assistants, secretaries, and clerical staff;

(d) Court reporters and their staff retained by the Parties or for the purpose of recording witness testimony;

(e) The Court and any Person employed by the Court whose duties require access to Confidential Material;

(f) Witnesses in accordance with procedures set forth in ¶¶ 8-9;

(g) Experts and consultants assisting counsel of record or in-house counsel with respect to the Action and their secretarial, technical and clerical employees who are actively assisting in the preparation of the Action, including participants in mock trial exercises;

(h) Employees, officers and directors of the Parties hereto who have a need to review Confidential Material to assist in connection with litigation of the Action;

(i) Outside service personnel, such as those who photocopy or assist in the photocopying or delivering of documents in litigation of the Action;

(j) Any Person identified on the face of any such Confidential Material as an author or recipient thereof;

(k) Any Person who is determined to have been an author and/or previous recipient of the Confidential Material, but is not identified on the face thereof;

(l) Any mediator or arbitrator engaged by the Parties in the Action.

The Parties shall make a good faith effort to limit dissemination of Confidential Material within these categories to Persons who have a reasonable need for access thereto.

**UNDERTAKING TO BE BOUND BY PROTECTIVE ORDER**

7. Before Discovering Counsel may disclose Confidential Material to any Person described in subparagraph 6(g) above, the Person to whom disclosure is to be made shall read a copy of this Protective Order, shall evidence his or her agreement to be bound by its terms, conditions, and restrictions, by signing an undertaking in the form attached hereto as Exhibit A (the "Undertaking") and shall retain a copy of this Protective Order, with a copy of his or her signed Undertaking attached. Discovering Counsel shall keep a copy of the signed Undertaking for each person described in subparagraph 6(g) to whom Discovering Counsel discloses Confidential Material.

8. Counsel for any deponent may designate testimony or exhibits as Confidential Material by indicating on the record at the deposition that the testimony of the deponent or any exhibits to his or her testimony are to be treated as Confidential Material. Counsel for any Party may designate exhibits in which that Party has an interest under applicable law as Confidential Material by indicating on the record at the deposition that such exhibit(s) are to be treated as

Confidential Material if the material has been treated in a confidential manner and there is a good faith belief the material is entitled to be designated CONFIDENTIAL pursuant to ¶ 2. Failure of counsel to designate testimony or exhibits as confidential at the deposition, however, shall not constitute a waiver of the protected status of the testimony or exhibits. Within ten calendar days of receipt of the transcript of the deposition, counsel shall be entitled to designate specific deposition testimony or exhibits as Confidential Material. If counsel for the deponent or Party fails to designate the transcript or exhibits as Confidential Material within the above-described period, any other Party shall be entitled to treat the transcript or exhibits as non-confidential Material. Failure to designate or identify testimony or exhibits as Confidential Material using the aforementioned procedures shall not operate to waive a Producing Party's right to later so designate or identify such testimony or exhibits.

   9. When Material disclosed during a deposition is designated as Confidential Material at the time testimony is given, the reporter shall indicate confidentiality for the testimony so designated, shall mark the face of the transcript in accordance with ¶ 2 above, and shall maintain that portion of the transcript or exhibits in separate files marked to designate the confidentiality or protected status of their contents. The reporter shall not file or lodge with the Court any Confidential Material without obtaining written consent from the Party who designated the Material as Confidential Material, or unless steps are taken to lodge or file the material under seal in compliance with local rules. For convenience, if a deposition transcript or exhibit contains repeated references to Confidential Material which cannot conveniently be segregated from non-confidential or non-protected material, any Party may specify the material or subject matter and request that the entire transcript or exhibit be maintained by the reporter as

Confidential Material. However, that will not serve to designate non-confidential material in the transcript as confidential under this order.

## USE OF CONFIDENTIAL MATERIAL
## IN PLEADINGS AND OTHER COURT PAPERS

10. Any party seeking to file Confidential Information under seal must comply with the requirements of Central District of California Local Rule ("C.D. Cal. L.R.") 79-5. However, nothing in this Order shall limit or prevent the use of Confidential Information in open court at hearings on merits, as distinct from discovery matters, or in or during trial of this action provided that, prior to such use the party intending to disclose such information shall provide the Producing Party advance notice that such information will or may be used, to allow the Designating Party an opportunity to seek protection from the Court. Counsel agree to confer in good faith about procedures for handling Confidential Information during merits hearings or trial, including the possibility of an additional Order. If the Producing Party fails to file a motion to seal the records within 10 days of receiving notice, or fails to obtain a Court order extending the time to file such a motion, the Confidential Information will be placed in the public file. If the Producing Party files a motion to seal within 10 days or such later time as the Court has ordered, the Confidential Information shall remain conditionally sealed until the Court rules on the motion, and thereafter shall be filed as ordered by the Court.

## OBJECTIONS TO DESIGNATION

11. Any Party may at any time notify the Designating Party in writing of its contention that specified Material designated as Confidential Material is not properly so designated because such Material does not meet the standards set forth in ¶ 2 of this Protective Order. The Designating Party shall within five court days, meet and confer in good faith with the Party challenging the designation in an attempt to resolve such dispute. The Party challenging the designation shall have

the option to file a motion to challenge the designation of the Material in question. The burden shall be on the Designating Party to justify any designation of Confidential Material. Pending resolution of any motion filed pursuant to this paragraph, all Persons bound by this Protective Order shall continue to treat the Material that is the subject of the motion as Confidential Material. The parties may agree in writing to alter the procedures and deadlines in this paragraph. However, no modification by the Parties shall have the force or effect of a Court order unless the Court approves the modification.

## **INADVERTENTLY PRODUCED MATERIALS**

12. A Producing Party who inadvertently produces to a Discovering Party information for which the Producing Party is otherwise entitled to claim a privilege or immunity, including but not limited to the attorney-client privilege or attorney work product protection, will not be deemed to have waived that privilege, protection, or immunity solely due to the fact that it inadvertently produced privileged or protected information in the action. The Producing Party will promptly notify the Discovering Party, within five (5) business days after the Producing Party actually discovers that such inadvertent production was made, in writing of that inadvertent production and specify the nature of and basis for its claim of privilege or immunity. If the Material is contained in a previously produced document that also contains material that is not privileged or protected, the Producing Party will provide the Discovering Party with a new copy of the document with the privileged or protected material redacted when it gives notice of the claimed inadvertent production.

Within ten calendar days upon receipt of a written request for return by the inadvertently Producing Party, the Discovering Party shall immediately destroy, or segregate and maintain in a sealed file, the original and all copies (physical or electronic) of such material; and, if it has disclosed the Material before receiving

- 8 -
JOINT STIPULATION FOR PROTECTIVE ORDER RE CONFIDENTIALITY
AND [PROPOSED] ORDER
DOCS\553244v1

the notice, will take all reasonable steps to retrieve the material; and shall send the Producing Party written confirmation of that destruction, or segregation and maintenance in a sealed file; and shall not thereafter use such information for any purpose unless authorized to do so by the Court.

13. If the Discovering Party believes that the materials are not subject to the protections of attorney-client privilege, work-product immunity, or other legal privilege, the Discovering Party shall, after complying with the procedures set forth in paragraph 13 above, notify the Producing Party that it contests the claim of privilege or immunity.

14. Upon the Producing Party's receipt of notice that the Discovering Party contests the claim of privilege or immunity, the Parties shall meet and confer in an effort to resolve the issue without Court intervention. If the parties cannot resolve the dispute, either party may make a motion seeking resolution of the dispute.

15. After the Producing Party gives notice of the claimed inadvertent production, and until the Court resolves any dispute over the claim of privilege or immunity, the Producing Party must preserve the Material, and the Discovering Party may not use the Material for any purpose, except for purposes of a motion under ¶ 14. The Producing Party shall only utilize the provisions provided under ¶ 12 for the purpose of protecting material for which it is entitled to claim a privilege or immunity, and not for the purpose of hindering or impeding the Discovering Party from litigating this action. If the subject material is material the Discovering Party intended to use in connection with any motion, opposition to motion, or reply, if asked, the Producing Party shall stipulate to an order extending the relevant filing deadline.

16. If the parties agree, or the Court determines, the material the Producing Party claims was inadvertently produced is entitled to a claim of

privilege or immunity, the Discovering Party shall immediately destroy or return the original and all copies (physical or electronic) of such material; if such material was not previously destroyed. Should the Discovering Party decide to destroy the material, the Discovering Party shall give the Producing Party written confirmation of the destruction.

### **RETURN OF MATERIAL**

17. Within 90 calendar days after request of a Producing Party following the final settlement or termination of the Action, Discovering Counsel shall return or destroy (at the option and expense of Producing Counsel) all Confidential Materials provided by a Producing Party and all copies thereof; except to the extent that any of the foregoing includes or reflects Discovering Counsel's work product; except to the extent that such Material has been filed with a court in which proceedings related to any of the Action are being conducted; and except that Discovering Counsel may also keep a complete set of deposition transcripts and exhibits. In addition, with respect to any such retained work product and unless otherwise agreed to, at the conclusion of this Action, counsel for each Party shall store in a secure area all work product which embodies Confidential Material together with all of the signed undertakings they are required to preserve pursuant to ¶ 7 above, and shall not make use of such Material except in connection with any action arising directly out of this Action, or pursuant to a lawful subpoena or court order for good cause shown. The obligations under this Protective Order shall survive the termination of the Action. Upon request, counsel of record for each Party shall verify in writing that they have complied with the provisions of this paragraph.

18. Except for the provisions regarding post-trial or post-settlement return and destruction of material, or segregation of work product which embodies

1 Confidential Material, this order does not govern court proceedings on the merits or the trial in this Action.

19. Counsel agree to meet and confer at least 15 calendar days prior to any court proceeding or trial concerning the use at the court proceeding or trial of Confidential Material. The use of any such Material at a court proceeding on the merits or trial will be subject to the preferences and Order of the Court.

20. Nothing herein shall be deemed to limit, prejudice, or waive any right of any Party or Person to seek to modify or obtain relief from any aspect of this Protective Order.

21. This Protective Order shall not preclude any Person from waiving the applicability of this Protective Order with respect to any Confidential Material Provided by that Person or using any Confidential Material Provided by that Person or using any Confidential Material owned by that Person in any manner that Person deems appropriate.

22. If at any time any Material protected by this Protective Order is subpoenaed from the Discovering Party by any Court, administrative or legislative body, or is requested by any other Person or entity purporting to have authority to require the production of such material, the Party to whom the subpoena or other request is directed shall immediately give written notice thereof to the Producing Party with respect to Confidential Material sought. However nothing in this Order shall be construed as authorizing a Party to disobey a lawful subpoena issued in another action.

### SUBMISSION TO COURT

23. The Parties agree to submit this Protective Order to the Court for adoption as an order of the Court.

24. The Parties reserve the right to seek modification of this Protective Order by the Court, and understand that no modification shall have the force or effect of a Court order unless the Court approves the modification.

25. The Court shall have continuing jurisdiction to enforce this Order even after termination and/or dismissal of this Action.

DATED: April 7, 2011

**MILBERG LLP**
JEFF S. WESTERMAN
SABRINA S. KIM
MICHIYO MICHELLE FURUKAWA

*/s/ Jeff S. Westerman*
JEFF S. WESTERMAN

One California Plaza
300 S. Grand Avenue, Suite 3900
Los Angeles, CA 90071
Telephone: (213) 617-1200
Facsimile: (213) 617-1975
jwesterman@milberg.com
skim@milberg.com
mfurukawa@milberg.com

**MILBERG LLP**
MICHAEL C. SPENCER
WILLIAM B. SCOVILLE, JR.
One Pennsylvania Plaza, 49th Floor
New York, NY 10119-0165
Telephone: (212) 594-5300
Facsimile: (212) 868-1229
mspencer@milberg.com
wscoville@milberg.com

*Lead Counsel for Plaintiffs*

| | | |
|---|---|---|
| 1 | DATED: April 7, 2011 | **MANATT, PHELPS & PHILLIPS LLP** |
| 2 | | CHAD S. HUMMEL |
| | | BRAD W. SEILING |
| 3 | | ERIN C. WITKOW |
| 4 | | VIRAL MEHTA |

<i>/s/ Brad W. Seiling</i><br>BRAD W. SEILING

11355 West Olympic Boulevard
Los Angeles, CA 90064
Tel.: (310) 312-4000
Fax: (310) 312-4224
chummel@manatt.com
bseiling@manatt.com
ewitkow@manatt.com
vxmehta@manatt.com

**Attorneys for Defendants**

DATED: April 7, 2011

**ARNOLD & PORTER, LLP**
RONALD L. JOHNSTON (SBN 57418)
ANGEL TANG (SBN 205396)
777 S. Figueroa Street, 44th Floor
Los Angeles, CA 90017
Telephone: (213) 243-4000
Facsimile: (213) 243-4199
  ohnst.johnston@aporter.com
angel.tang@aporter.com

**ARNOLD & PORTER, LLP**

<i>/s/ James L. Cooper</i><br>JAMES L. COOPER<br>(Admitted Pro Hac Vice)

555 12th Street, NW
Washington, DC 20004
Telephone: (202) 942-5014
Facsimile: (202) 942-5999
james.cooper@aporter.com

**Attorneys for Defendants VeriSign, Inc. and m-Qube, Inc.**

\* \* \*

**ORDER**

The above stipulation having been considered and good cause appearing therefore,

IT IS SO ORDERED.

DATED: __May 25, 2011___      /s/
                              _____
                              Hon. Victor B. Kenton
                              MAGISTRATE JUDGE:

# DECLARATION OF SERVICE BY CM/ECF AND/OR MAIL

I, the undersigned, declare:

1. That declarant is and was, at all times herein mentioned, employed in the County of Los Angeles, over the age of 18 years, and not a party to or interest in the within action; that declarant's business address is One California Plaza, 300 South Grand Avenue, Suite 3900, Los Angeles, California 90071-3149.

2. Declarant hereby certifies that on April 7, 2011, declarant served the JOINT STIPULATION FOR PROTECTIVE ORDER RE CONFIDENTIALITY AND [PROPOSED] ORDER by electronically filing the foregoing document listed above by using the Case Management/ Electronic Case filing system.

3. Declarant further certifies:

☐ All participants in the case are registered CM/ECF users and that service will be accomplished by the court's CM/ECF system

☒ Participants in the case who are registered CM/ECF users will be served by the court's CM/ECF system. Participants in the case that are not registered CM/ECF users will be served by First-Class Mail, postage pre-paid or have dispatched to a third-party commercial carrier for delivery to the non-CM/ECF participants as addressed and listed in the Service List.

4. That there is a regular communication by mail between the place of mailing and the places so addressed.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 7th day of April, 2011, at Los Angeles, California.

*amg*
ANN MARIE GENOVESE

# SERVICE LIST
## Related Cases

*Karen Herbert, Judy Schenker, Jodi Eberhart, Cheryl Bentley v. Endemol USA, Inc., NBC Universal, Inc., Verisign, Inc., M-Qube, Inc. and Don Jagoda Associates, Inc.*

USDC CENTRAL DISTRICT, CASE NO. 2:07-cv-03537-JHN-VBKx

| Attorneys for Plaintiffs | |
| --- | --- |
| JEFF S. WESTERMAN<br>jwesterman@milberg.com<br>SABRINA S. KIM<br>skim@milberg.com<br>MICHIYO MICHELLE FURUKAWA<br>mfurukawa@milberg.com<br>**MILBERG LLP**<br>One California Plaza<br>300 S. Grand Avenue, Suite 3900<br>Los Angeles, CA 90071<br>Telephone: (213) 617-1200<br>Facsimile: (213) 617-1975 | *Via ECF* |
| MICHAEL C. SPENCER<br>mspencer@milberg.com<br>WILLIAM B. SCOVILLE, JR.<br>wscoville@milberg.com<br>**MILBERG LLP**<br>One Pennsylvania Plaza, 49th Floor<br>New York, NY 10119-0165<br>Telephone: (212) 594-5300<br>Facsimile: (212) 868-1229 | *Via ECF* |
| WILLIAM A. PANNELL<br>**WILLIAM A. PANNELL, P.C.**<br>433 Chateau Drive, NW<br>Atlanta, Georgia 30305<br>Telephone: (404) 353-2283<br>Facsimile: (404) 237-2384<br>E-mail: billpannell@mindspring.com | *Via ECF* |
| KEVIN T. MOORE<br>**KEVIN T. MOORE, P.C.**<br>6111 Peachtree Dunwoody Road, N.E.<br>Building C., Suite 201<br>Atlanta, GA 30328<br>Telephone: (770) 396-3622<br>E-mail: ktmlaw@bellsouth.net | *Via ECF* |

| | | |
|---|---|---|
| 1 | PAUL R. KIESEL<br>**KIESEL BOUCHER LARSON LLP**<br>8648 Wilshire Boulevard<br>Beverly Hills, CA 90211<br>Telephone: (310) 854-4444<br>Facsimile: (310) 854-0812<br>E-mail: kiesel@kbla.com | *Via ECF* |
| 6 | *Attorneys for Defendants* | |
| 7 | CHAD S. HUMMEL<br>BRAD W. SEILING<br>**MANATT, PHELPS & PHILLIPS, LLP**<br>11355 West Olympic Blvd.<br>Los Angeles, CA 90064-1614<br>Telephone: (310) 312-4000<br>Facsimile: (310) 312-4224<br>E-mail: chummel@manatt.com<br>bseiling@manatt.com | *Via ECF* |
| 13 | RONALD L. JOHNSTON<br>ANGEL L. TANG<br>**ARNOLD & PORTER, LLP**<br>777 South Figueroa Street, 44th Floor<br>Los Angeles, CA 90017-2513<br>Telephone: (213) 243-4000<br>Facsimile: (213) 243-4199<br>E-mail: angel_tang@aporter.com<br>Ronald_johnston@aporter.com | *Via ECF* |
| 18 | THOMAS V. REICHERT<br>PAUL S. CHAN<br>**BIRD, MARELLA, BOXER, WOLPERT, NESSIM, DROOKS & LINCENBERG, P.C.**<br>1875 Century Park East, 23rd Floor<br>Los Angeles, California 90067-2561<br>Telephone: 310 201-2100<br>Facsimile: 310 201-2110<br>E-mail: tvr@birdmarella.com<br>psc@birdmarella.com | *Via ECF* |

- 17 -
JOINT STIPULATION FOR PROTECTIVE ORDER RE CONFIDENTIALITY
AND [PROPOSED] ORDER

DOCS\553244v1

| | |
|---|---|
| JAMES COOPER<br>MICHAEL P. LEWIS<br>**ARNOLD & PORTER, LLP**<br>555 Twelfth Street, NW<br>Washington, DC 20004-1206<br>Telephone: (202) 942-5014<br>Facsimile: (202) 942-5999<br>E-mail: james_cooper@aporter.com<br>Michael_lewis@aporter.com | *Via MAIL* |
| PATRICIA L. GLASER<br>JAMES S. SCHREIER<br>SEAN RILEY<br>**GLASER, WEIL, FINK, JACOBS, HOWARD, AVCHEN & SHAPIRO, LLP**<br>10250 Constellation Blvd., 19th Floor<br>Los Angeles, CA 90067<br>Telephone: (310) 553-3000<br>Facsimile: (310) 556-2929<br>E-mail: pglaser@glaserweil.com<br>jschreier@glaserweil.com<br>sriley@glaserweil.com | *Via ECF* |